```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ARRAWANNA ALLEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF ATLANTIC CITY and<br>KIMBERLY BALDWIN,<br><br>　　　　　Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 08-4022 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

　　This matter comes before the Court pursuant to Plaintiff's letter in which Plaintiff seeks to voluntarily dismiss her federal claims against Defendants in order to remand this matter to the Superior Court of Atlantic County.  THIS COURT FINDS AS FOLLOWS:

　　1.  Plaintiff Arrawanna Allen, through her attorney, filed this civil rights action against her former employer, the City of Atlantic City, and her former supervisor, Kimberly Baldwin, in the Superior Court of New Jersey, Law Division, Atlantic County on May 28, 2008.  (Docket Item 1 Ex. A at 1.)  Plaintiff alleges, among other things, that Defendants violated her "free speech and due process rights pursuant to [42 U.S.C.] § 1983 and § 1985." (Compl., Count I, ¶ 16.)  Plaintiff further alleges that Defendants violated her rights under the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1, et seq., and

the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1.  (Id., Count I, ¶ 16; Count V ¶ 2.)

2.  Defendant Baldwin timely removed the matter to this Court pursuant to 28 U.S.C. §§ 1441(a) and (b) [Docket Item 1]. Thereafter, Defendant Baldwin filed a motion to dismiss [Docket Item 10], joined by Defendant Atlantic City [Docket Item 11], which Plaintiff did not timely oppose.

3.  On April 20, 2009, Plaintiff's attorney, Richard L. Press, Esq., wrote to the Court, indicating that Plaintiff wished to dismiss with prejudice all federal causes of action against Defendant Atlantic City and all claims against Defendant Baldwin.

4.  In the absence of Plaintiff's federal causes of action, this Court lacks original subject matter jurisdiction over Plaintiff's remaining claims.  Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if the district court has dismissed all claims over which it has original jurisdiction."  § 1367(c).  As a general rule, absent exceptional circumstances, "jurisdiction [over claims based on state law] should be declined where the federal claims are no longer viable."  Shaffer v. Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984); see also Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("where the claim over which the district court has original jurisdiction is dismissed before trial, the

2

district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so").

    5.  In accordance with Plaintiff's April 20, 2009 letter, the Court will dismiss with prejudice Plaintiff's claims against Defendant Baldwin and will dismiss with prejudice Plaintiff's federal claims against Atlantic City.  There being no exceptional circumstances here justifying the exercise of jurisdiction over Plaintiff's remaining state-law claims, the Court will remand this matter to the Superior Court of New Jersey, Law Division, Atlantic County, for further proceedings.  The accompanying Order is entered.

**June 10, 2009**                        **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                                United States District Judge